UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

DENIS EDDINS,
        Plaintiff,

v.

ROBERT E. COOPER, State Attorney General, *et al.*,
        Defendants.

No 4:10-CV-16
*Mattice / Lee*

## **REPORT AND RECOMMENDATION**

Before the Court is the application to Proceed *In Forma Pauperis* ("IFP Application") filed by Plaintiff Denis[1] Eddins [Doc. 1]. This matter comes before the undersigned for consideration of the IFP Application pursuant to 28 U.S.C. § 636(b), 28 U.S.C. § 1915, and the rules of this Court.

Plaintiff has submitted a 57-page complaint, over 50 pages of which consist of one unbroken, rambling paragraph, in which he alleges that the various defendants, mainly law enforcement and judicial personnel, denied his constitutional rights by, *inter alia*, conspiring to conduct criminal proceedings in his absence and maliciously prosecuting him. Plaintiff seeks relief including 500 million dollars in damages and "a full pardon and expungement" for the allegedly wrongful convictions and prosecutions. Plaintiff has brought numerous suits in this Court, many of which have been dismissed as frivolous or for failure to state a claim on which relief can be granted. *E.g.*, *Eddins v. Summers*, No. 4:02-cv-86 (civil rights complaint dismissed on Apr. 22, 2003, for failure to state a claim); *Eddins v. Summers*, No. 4:04-cv-45 (claim collaterally attacking Plaintiff's

---

[1] Plaintiff spells his first name "Dennis" on the IFP application, but "Denis" on the complaint.

conviction on worthless check charges dismissed Jan. 3, 2005, for failure to state a claim); *Eddins v. Cooper*, No. 4:08-cv-31 (section 1983 complaint dismissed as frivolous).

28 U.S.C. § 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit when the litigant shows by affidavit that she is unable to pay court costs and fees. 28 U.S.C. § 1915(a); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). I do not reach the question of whether Plaintiff is indigent, however, because I recommend this action be dismissed for the reasons explained below.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), a district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See Neitzke*, 490 U.S. at 324. The defendants named in Plaintiff's complaint may be grouped in three categories: state officials acting in their official capacities,[2] the State of Tennessee itself, and employees of Regions Bank. As to the first and second categories, claims against state officials acting in their official capacities are equivalent to claims against the state itself, and claims against the state are barred by sovereign immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003). As to the third category, Plaintiff alleges officials of Regions Bank violated Tennessee law by forwarding a series of returned checks to law enforcement officials. Even assuming these allegations constitute a violation of Tennessee law, however,

---

[2] The caption of the complaint indicates only that the defendants are sued in their official capacities. In addition, while the complaint makes conclusory allegations that these defendants "conspired" to deny Plaintiff's constitutional rights (which might tend to show the officials were acting outside their official capacities), these allegations are completely unsupported by any factual showing. For example, Plaintiff alleges the defendants conspired to deny him access to higher courts by incarcerating him, but fails to allege facts showing any wrongful intent.

Plaintiff has failed to state a federal claim because he has not alleged facts tending to show the bank officials were acting under color of state law. *See Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (*quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995)).

Accordingly, I **RECOMMEND** that this action be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.[3]

s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).