UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

DENNIS EDDINS, )
)
    Plaintiff, )
) No. 4:10-CV-16
v. )
) Chief Judge Curtis L. Collier
ROBERT E. COOPER, State Attorney )
General, *et al.*, )
)
    Defendants. )

**MEMORANDUM & ORDER**

On March 9, 2010, Dennis Eddins ("Plaintiff") commenced this *pro se* action and filed a motion for leave to proceed in forma pauperis (Court File Nos. 1, 2). On March 16, 2010, United States Magistrate Judge Susan K. Lee filed a report and recommendation ("R&R"), recommending the Court dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted (Court File No. 3). Plaintiff filed a timely objection to the R&R (Court File No. 4). For the following reasons, the Court accepts and adopts the magistrate judge's R&R (Court File No. 3) and dismisses the complaint.

**I.    Standard of Review**

The Court must conduct a de novo review of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). The Court has "broad discretion" in conducting a de novo determination and is not required to rehear any contested testimony. *United States v. Raddatz*, 447 U.S. 667, 674, 681 (1980). "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on the magistrate's proposed findings and

recommendations." *Id.* at 676.

**II.     Discussion**

Plaintiff's complaint is 57-pages in length, and lists a large number of defendants (Court File No. 2). Plaintiff invokes this Court's jurisdiction pursuant to 42 U.S.C. § 1983. Like the complaint, the precise nature of Plaintiff's objection to the R&R is difficult to discern. It appears Plaintiff only objects to the magistrate judge's finding the State of Tennessee is immune from suit. However, out of an abundance of caution, the Court will address each of the magistrate judge's key findings: (1) the claims against state officials acting in their official capacities are barred by sovereign immunity; (2) the claims against the State of Tennessee are barred by sovereign immunity; and (3) the claims against Regions Bank officials do not state a federal claim because no facts are alleged showing the bank officials were acting under color of state law.

Plaintiff's complaint names as defendants numerous state officials in their official capacities. The magistrate judge properly recognized claims against state officials acting in their official capacities are equivalent to claims against the State itself. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citation omitted). It is well-established States are not amenable to suit under 42 U.S.C. § 1983. By its terms, § 1983 permits suits against "persons." However, States are not persons. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Thus, quite apart from any consideration of sovereign immunity, neither the State of Tennessee nor state officials acting in their official capacities are proper objects of Plaintiff's § 1983 suit. Therefore,

the magistrate judge was correct in her conclusion Plaintiff's claims against the State of Tennessee and state officials should be dismissed.

Plaintiff's complaint also names several officials of Regions Bank as defendants. The Court is without jurisdiction to hear the claims against these individuals. Plaintiff has invoked this Court's jurisdiction pursuant to § 1983. To establish a § 1983 claim, a plaintiff must show "(1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). Plaintiff has alleged no facts tending to show the Regions Bank officers were acting under color of state law. Accordingly, the magistrate judge rightly concluded the claims against the bank officials do not raise a federal question, and therefore should be dismissed.

### III. Conclusion

Having reviewed the record and applicable law, the Court concludes Plaintiff fails to state a claim on which relief may be granted. Accordingly, the Court **ACCEPTS** and **ADOPTS** the R&R (Court File No. 3), **DISMISSES** the complaint (Court File No. 2), and **DIRECTS** the Clerk of the Court to close the case.

**SO ORDERED.**

**ENTER**:

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**